IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOME PROPERTIES 1200 EAST WEST, LLC :

   v. : Civil Action No. DKC 13-3689

OMOLERE J. OMOMOWO, et al. :

**MEMORANDUM OPINION**

On December 6, 2013, Plaintiff and Counter Defendant Home Properties 1200 East West, LLC removed this action from the Circuit Court for Montgomery County on the basis of federal question jurisdiction presented in Defendant and Counter Plaintiffs' counterclaims. On December 10, 2013, Home Properties filed a motion to dismiss the counterclaims. On December 12, 2013, the court issued an Order to Show Cause why the case should not be remanded as there was no federal question presented in the state court matter at the time the complaint was filed by Plaintiff in state court.

In its response to the court's Order to Show Cause on December 20, 2013, Plaintiff and Counter Defendant Home Properties 1200 East West, LLC consented to the remand. On the same day, Defendant/Counter-Plaintiffs filed a motion to stay briefing on the motion to dismiss given the inevitable remand, and moved for an award of fees and costs from the improper

removal. (ECF No. 15). Home Properties disputes the appropriateness of fees, and a reply has been filed.

This case will be remanded, the issue of scheduling the briefing on the motion to dismiss will be left to the state court, and the request for fees will be denied.

Attorney's fees, costs, and expenses may be awarded when a case is remanded to state court, pursuant to 28 U.S.C. § 1447(c). The decision to award attorney's fees under this section is left to the sound discretion of the court, but is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 140-41 (2005). Congress, in enacting § 1447(c), desired "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140.

None of the objectives behind § 1447(c) are present here. Other than a disclosure statement, the motion for relief concerning briefing, and the request for fees, Plaintiffs filed nothing in this court. While there might have been some research necessitated by the removal, the court's show cause order was issued promptly after the case was instituted, thus minimizing the necessary legal work. Counsel seek fees for

2

preparing a response to the motion to dismiss, but that effort will be useful after remand.  Both the disclosure statement and the response to the standing order should have required minimal time.  The petition for fees is woefully deficient, in any event, and the court declines to engage in side litigation over the requested fees.

A separate order will be entered.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge